IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THOMAS HENRY WILLIAMS                                                                PLAINTIFF

v.                                        Civil No. 2:19-CV-02107

COURT BAILIFF SIZEMORE and                                                          DEFENDANTS
COURT BAILIFF ALLEN HAMMOND

## OPINION AND ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on August 19, 2019. (ECF No. 1). He alleges that when he was taken to court to be sentenced on June 6, 2019, Defendants violated his constitutional rights. (*Id*. at 3-8). Specifically, Plaintiff alleges that while he was in leg irons, a belly chain, and handcuffs attached to the belly chain, Defendant Sizemore pushed him onto a bench and then slammed him to the ground. (*Id*. at 4-5, 7-8). Plaintiff does not allege that Defendant Hammond was involved in the use of excessive force, instead stating that Hammond saw Plaintiff on the floor and asked Sizemore why he was laying there. (*Id*. at 5). Plaintiff suffered a swollen and bloody elbow from Sizemore's actions. (*Id*.). Plaintiff asked to use the restroom to clean himself up before he appeared before the judge for sentencing and Defendants did not permit him to do so. This required Plaintiff to appear before Judge Tabor for sentencing looking like he had been in a fight. (*Id*. at 8).

1

Plaintiff proceeds against both Defendants in their official and personal capacities. (*Id*. at 4-5). He seeks compensatory and punitive damages. (*Id*. at 6).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff failed to state any plausible official capacity claims. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are

2

equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914. Defendants are identified as employees of either the Sebastian County Sheriff's Office or the Sebastian County Courthouse. Plaintiff failed to allege any policy or custom of Sebastian County which violated his rights. He therefore failed to state any plausible official capacity claims.

Plaintiff's allegation that Defendants did not permit him the opportunity to clean his elbow before sentencing fails to state a cognizable constitutional claim. Plaintiff does not allege that he was denied personal hygiene opportunities for a lengthy time, nor that he received a harsher sentence because he was not permitted to clean his elbow. As his sole personal allegation against Defendant Hammond is that he did not permit Plaintiff the opportunity to clean his elbow, Defendant Hammond should be dismissed as a party from this case.

### IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's official capacity claims are DISMISSED WITHOUT PREJUDICE. Defendant Hammond is DISMISSED as a party in this case. Plaintiff's personal capacity claim for excessive force against Defendant Sizemore remains for further review.

IT IS SO ORDERED this 23rd day of October 2019.

*/s/ P. K. Holmes,* III
P. K. HOLMES, III
U.S. DISTRICT JUDGE